IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



UNITED STATES

v.

I. LEWIS LIBBY

CASE NUMBER 1:06MS00560

JUDGE: Reggie B. Walton

DECK TYPE: Miscellanous

DATE STAMP: 12/20/2006

## MOTION OF NON-PARTY JOSEPH C. WILSON IV
## TO QUASH SUBPOENA AND
## SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Joseph C. Wilson, IV, through undersigned counsel, respectfully moves this Court to quash the December 13, 2006 subpoena served upon him by Defendant I. Lewis Libby to testify at trial in the above-captioned case.

## BACKGROUND

On October 28, 2005, a federal grand jury sitting in the District of Columbia indicted I. Lewis Libby on one count of obstruction of justice, two counts of false statements and two counts of perjury. On the count of obstruction of justice, the grand jury charged that Mr. Libby deceived and misled the grand jury as to when, the manner and by what means Mr. Libby acquired and subsequently disclosed to the media information concerning the employment of Valerie Plame Wilson by the CIA. Valerie Wilson is married to former Ambassador Joseph C. Wilson, IV.

On the first count of making false statements, the grand jury charged that Mr. Libby knowingly and willfully made a materially false, fictitious and fraudulent statement to the Federal Bureau of Investigation by claiming that when talking to NBC News reporter Tim Russert, Mr.

Russert had asked Mr. Libby if Mr. Libby knew that Mr. Wilson's wife worked for the CIA and that Mr. Russert had claimed that all reporters knew this information.

On the second count of making false statements, the grand jury charged that Mr. Libby knowingly and willfully made a materially false, fictitious and fraudulent statement to the Federal Bureau of Investigation by claiming that when talking to *Time* magazine reporter Matthew Cooper, Mr. Libby had told Mr. Cooper that reporters were telling the administration that Mr. Wilson's wife worked for the CIA, but that Mr. Libby did not know if this was true.

On the first count of perjury, the grand jury charged that Mr. Libby made a false material declaration under oath regarding a conversation he represented he had with Mr. Russert and on the second count of perjury, the grand jury charged that Mr. Libby made a false material declaration under oath regarding a conversation he had with Mr. Cooper.

Mr. Libby's proffered defense to these charges is that any false statements he may have made were the result of "mistake or confusion." Motion of I. Lewis Libby to Compel Discovery of Information Regarding News Reporters and Organizations, filed Jan. 6, 2006 at 4 (Document 29-1). Further, he has claimed that "in the constant rush of more pressing matters, any errors he made in his FBI interviews or grand jury testimony, months after the conversations, were the result of confusion, mistake or faulty memory, rather than a willful intent to deceive." Motion of I. Lewis Libby to Compel Discovery of Rule 16 and *Brady* Material in the Possession of Other Agencies, filed January 31, 2006 at 3 (Document 32-1); *see also* Third Motion of I. Lewis Libby to Compel Discovery Under Rule 16 and *Brady*, filed March 17, 2006 at 4 (Document 68-1) (given his focus on urgent national security matters, Mr. Libby "may have forgotten or misremembered snippets of conversations the government alleges were so memorable.")

2

On December 13, 2006, Mr. Wilson was served with a subpoena to appear at Mr. Libby's trial as a witness for the defense. (Exh. A, December 13 subpoena) Mr. Wilson, however, has no personal knowledge regarding either the indictment or Mr. Libby's defense. He does not know when, the manner and by what means Mr. Libby acquired and subsequently disclosed to the media information concerning the employment of Valerie Wilson by the CIA. Neither does Mr. Wilson have any personal knowledge as to whether Mr. Libby made false statements to agents of the Federal Bureau of Investigation or whether Mr. Libby made false declarations under oath before a grand jury.

Moreover, Mr. Wilson neither worked nor socialized with Mr. Libby. In fact, the two have never even met. As a result, Mr. Wilson has no information regarding Mr. Libby's employment or the "pressing matters" that occupied Mr. Libby's attention, he does not know whether Mr. Libby has or had a faulty memory, and he does not know whether Mr. Libby was confused or "misremembered" facts when he spoke with the FBI or testified before the grand jury.

## ARGUMENT

Under the Sixth Amendment to the Constitution, a criminal defendant has the right to offer the testimony of witnesses and to compel their attendance to establish a defense. The Sixth Amendment does not, however, "grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining witnesses in his favor.'" *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (*quoting* U.S. Const. amend. VI).

The Supreme Court has held that the Sixth Amendment is violated only if the defendant is deprived of testimony that "would have been relevant and material, and . . . vital to the defense."

*Valenzuela-Bernal*, 458 U.S. at 867; *Washington v. Texas*, 388 U.S. 14, 16 (1967); *see also United States v. North*, 910 F.2d 843, 889 (D.C. Cir. 1990).

Moreover, "[t]he events to which a witness might testify, and the relevance of those events to the crime charged, may well demonstrate either the presence or absence of the required materiality." *Valenzuela-Bernal*, 458 U.S. at 871. As a result, a defendant must provide some "plausible explanation" of the assistance he would receive from a witness to compel his appearance. *See id.*

In addition, the *Washington* Court held that the petitioner's rights were violated when the State denied him the right to "put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense." 388 U.S. at 23. Conversely, a defendant has no right to put on the stand a witness who has not personally observed events, and whose testimony is not relevant and material to the defense.

Mr. Wilson is such a witness. He personally observed none of the events that led to Mr. Libby's indictment and he has no direct personal information regarding Mr. Libby's defense, *i.e.* the matters Mr. Libby worked on at the White House or Mr. Libby's memory or veracity. Thus, Mr. Wilson's testimony would not be relevant or material to the defense and, therefore, should not be compelled.

Finally, while a subpoena is a legitimate device to obtain evidentiary material, "it was never intended to be a broad discovery device . . ." *United States v. Edwards*, 191 F.Supp.2d 88, 89 (D.D.C. 2002). A subpoena may be quashed if it is "unreasonable or oppressive." *United States v.*

4

*Haldeman*, 559 F.2d 31, 75 (D.C. Cir. 1975); *United States v. Libby*, 432 F. Supp.2d 26, 30 (D.D.C. 2006).

Mr. and Mrs. Wilson have filed a civil lawsuit against Mr. Libby and others alleging violations of the Wilsons' constitutional rights. That matter is currently pending before District of Columbia District Court Judge John D. Bates, where all of the defendants, including Mr. Libby, have filed motions to dismiss. Mr. Libby should not be permitted to compel Mr. Wilson's testimony at trial either for the purpose of harassing Mr. Wilson or to gain an advantage in the civil case, which is not yet in the discovery stage.

## CONCLUSION

For the foregoing reasons, non-party movant Joseph C. Wilson, IV respectfully requests that the subpoena issued to him by Defendant be quashed.

Dated: December 20, 2006

Respectfully submitted,

By: _____
Melanie Sloan (D.C. Bar No. 434584)
Anne Weismann (D.C. Bar No. 298190)
Citizens for Responsibility
  and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
(202) 408-5565

Erwin Chemerinsky (D.C. Bar No. 289330)
Duke University School of Law
Science Drive and Towerview Road
Durham, NC 27708-0360
(919) 613-7173

*Counsel for Non-party Movant Joseph C. Wilson, IV*

# EXHIBIT A

Case 1:06-mc-00560-RBW    Document 1    Filed 12/20/2006    Page 6 of 10

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

For The _____ DISTRICT OF Columbia _____

United States of America

v.

I. Lewis Libby

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 05-394 (RBW)

TO:

Joseph Wilson

☑ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States Courthouse<br>333 Constitution Avenue, N.W.<br>Washington, D.C. 20001 | Courtroom 16 |
| | DATE AND TIME |
| | January 16, 2007, 9:00 a.m. |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT:<br>NANCY MAYER-WHITTINGTON<br>(By) Deputy Clerk | DATE<br>December 13, 2006 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Alex J. Bourelly, Baker Botts L.L.P., 1299 Pennsylvania Ave., N.W., Washington, D.C. 20004-2400, (202) 639-7700

## RETURN OF SERVICE[1]

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | | |
| **SERVED** | DATE | PLACE |

**SERVED ON (PRINT NAME)**

| **SERVED BY (PRINT NAME)** | **TITLE** |
|---|---|

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 Date                                  Signature of Server

                                         _____
                                                  Address of Server

**ADDITIONAL INFORMATION**

---

(1) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

(2) "Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2006, I did cause a true and correct copy of the foregoing "Motion to Quash Subpoena and Supporting Memorandum of Points and Authorities," attached exhibit and draft Order to be served on counsel listed below via facsimile and First Class Mail, postage prepaid:

    William H. Jefress, Jr.
    Alex Bourelly, Esq.
    Alexandra M. Walsh
    Baker Botts LLP
    1299 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004-2400
    Attorney for I. Lewis Libby
    Facsimile: 202-585-1087

    Joseph A. Tate
    Dechert LLP
    2929 Arch Street, Cira Centre
    Philadelphia, PA 19104
    Facsimile: 215-994-2222

    Theodore V. Wells, Jr.
    James Lewis Brochin
    Paul, Weiss, Rifkind, Wharton & Garrison, LLP
    1285 Avenue of the Americas
    New York, NY 10019
    Facsimile: 212-272-2217

    John DeWitt Cline
    Jones Day
    555 California Street
    San Francisco, CA 94104
    Facsimile: 415-875-5700

*Counsel for Defendant*

Honorable Patrick J. Fitzgerald
  *Special Counsel*
Office of the United States Attorney
  Northern District of Illinois
Dirksen Federal Building
219 S. Dearborn St.
Chicago, IL 60604
Facsimile: 312-886-0657

Debra R. Bonamici
Office of the Special Counsel
Dirksen Federal Building
219 S. Dearborn St.
Chicago, IL 60604
Facsimile: 312-886-0657

Kathleen Kedian
  *Deputy Special Counsel*
U.S. Department of Justice
1400 New York Avenue, N.W., Rm 9422
Washington, D.C. 20005
Facsimile: 202-514-3003

Peter Robert Zeidenberg
U.S. Department of Justice
1400 New York Avenue, N.W., Rm 12-405
Washington, D.C. 20005
Facsimile: 202-514-3003

*Counsel for the United States*

_____
Melanie Sloan
Citizens for Responsibility and Ethics
 In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Telephone: 202-408-5565
Facsimile: 202- 588-5020