UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEALED
FILED
DEC 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Misc. No. 06-560 (RBW) |
| ) | |
| I. LEWIS LIBBY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| JOSEPH C. WILSON IV, ) | |
| ) | |
| Movant ) | |

## ORDER

It would appear from the Motion of Non-Party Joseph C. Wilson IV to Quash Subpoena and Supporting Memorandum of Points and Authorities ("Mot.") that the movant and his counsel have followed closely the proceedings in the criminal action of the United States v. I. Lewis Libby. Mot. at 2 (citing to various filings in United States v. Libby, 05-cr-394). Thus, the Court assumes that the movant and his counsel are aware that this Court has repeatedly cautioned Mr. Libby and counsel for the parities about making extrajudicial statements and warned that the Court would not tolerate this case being tried in the media. See April 13, 2006 Order (Docket # 83). This admonition applies with equal force to any collateral matters that may impact the parties ability to obtain a fair trial, such as a movant like Ambassador Joseph Wilson, who has moved to quash the subpoena that has been served on him as a potential witness in this matter. As the Rules of this Court make clear:

> [i]t is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

LCrR 57.7(b)(1). This Court expects that movants and their counsel in any collateral matters, including counsel for Ambassador Wilson, will demonstrate the same restraint as Mr. Libby and counsel for the parties have exercised to date. If this does not occur, this Court will not hesitate to take the necessary action to insure that the ability of the parties to obtain a fair trial is not impaired. See LCrR 57.7(c).[1]

**SO ORDERED** this 21st day of December, 2006.

_____
REGGIE B. WALTON
United States District Judge

---

[1] As counsel should well understand, making disparaging comments in a television interview about a criminal defendant in a highly publicized case on the eve of trial could cause potential members of the jury pool to engender negative attitudes about the defendant. See Hardball with Chris Matthews, Dec. 20, 2006, available at 2006 WLNR 22257429. And even more disturbing is counsel's uninformed opinion that there is sufficient evidence to convict Mr. Libby of the charges on which he will be tried. Id. Such comments by a member of the Bar, and especially someone who was a former prosecutor, is not only shocking but borders on unethical conduct. Counsel should have known that the comments she made were improper, but if she did not, she does now. Counsel is therefore on notice that any similar comments will not be tolerated.