**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Misc. No. 06-560 (RBW) |
| | ) | |
| I. LEWIS LIBBY | ) | |
| | ) | |
| also known as "Scooter Libby," | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| JOSEPH C. WILSON IV, | ) | |
| | ) | |
| Movant | ) | |
| _____ | ) | |

**I. LEWIS LIBBY'S RESPONSE TO JOSEPH C. WILSON'S**
**MOTION TO QUASH SUBPOENA**

I. Lewis Libby, through his counsel, respectfully submits this response to Joseph C.

Wilson's Motion to Quash Subpoena ("Motion").

As this Court is aware, the indictment in this case is replete with mentions of former

Ambassador Wilson. His public criticism of the Administration, in particular the Office of the

Vice President, triggered the series of events eventually leading to the charges against Mr. Libby.

Mr. Wilson accused the OVP of knowing about, but ignoring, conclusions he claimed to have

reported from a fact-finding mission he took to Niger on behalf of the CIA in March 2002. Mr.

Libby and other potential trial witnesses sought to respond to Mr. Wilson's accusations, which

they knew to be false and misleading. The nature of that response, and what particular facts it

did and did not include, will be a key issue at trial.

Moreover, recent disclosures by the government show that Mr. Wilson had a relationship

with one of the government's key witnesses in the case and was in contact with that witness

regarding certain issues key to the indictment during the relevant period.  Further, Mr. Wilson spoke to numerous reporters during this period, many of whom will testify at trial.  He spoke to a co-author of a <u>Time</u> magazine article by government witness Matthew Cooper which will be offered by the government at trial.  He appeared on NBC's <u>Meet the Press</u> on July 6, 2003, which was hosted by Andrea Mitchell in Tim Russert's absence.  His name and telephone number appear in the notes of government witness Judith Miller.  He spoke to Walter Pincus on July 12, in a conversation described by Mr. Wilson in his book, "The Politics of Truth:  Inside the Lies that Led to War and Betrayed My Wife's CIA Identity"  (Carroll & Graf 2004).  He spoke to Robert Novak both before and after publication of the column revealing his wife's identity.

It is fair to say that with the possible exception of Mr. Libby himself, Mr. Wilson's name will be mentioned in this trial more than that of any other person.

Given these facts, Mr. Libby has taken the precaution of issuing a trial subpoena in the event that Mr. Wilson's testimony is needed by the defense at trial.  Mr. Wilson's claim that by doing so, Mr. Libby is harassing him or seeking to use a criminal trial subpoena to gain an advantage in a civil case is, in a word, preposterous.  The Motion to Quash should be denied.

## ARGUMENT

One who seeks prior to trial to quash a subpoena for testimony bears a heavy burden. <u>See, e.g.</u>, <u>Irons v. Karceski</u>, 74 F.3d 1262, 1264 (D.C. Cir. 1995) ("The party seeking to quash a subpoena bears a heavy burden."); <u>Freeman v. Seligson</u>, 405 F.2d 1326, 1337 (D.C. Cir. 1968) ("[T]he burden of proving that a subpoena . . . is oppressive is on the party moving for relief on this ground, and . . . the burden is particularly heavy . . . .") (citation and internal quotation marks omitted); <u>Westinghouse Elec. Corp. v. City of Burlington</u>, 351 F.2d 762, 766 (D.C. Cir. 1965)

("The burden is particularly heavy to support a motion to quash . . ."); see generally Fed. R. Civ.

P. 17, advisory committee notes (1944) (noting that Fed. R. Civ. P. 45 and Fed. R. Crim. P. 17

are "substantially the same").  Where, as here, a criminal defendant's Sixth Amendment right to

compulsory process is implicated, a court should be especially reluctant to quash, and should do

so only where a movant clearly demonstrates that circumstances render a subpoena unreasonable

or oppressive.  Washington v. Clemmer, 339 F.2d 725, 727 (D.C. Cir. 1964) (acknowledging that

a Rule 17 testimony subpoena can be quashed only if it is "unreasonable or oppressive").[1]

        Mr. Wilson has set forth no fact, or set of facts, that can sustain that heavy burden here.

Far from it.  For one thing, as the defense has made clear to Mr. Wilson and his counsel all

along, Mr. Wilson may not even be called to testify; therefore, in the end, he may be subject to

no inconvenience at all.  Furthermore, in the event he is needed at trial, the defense has made

every effort to accomodate Mr. Wilson's schedule.  Although subpoenaed for January 16, Mr.

Libby has excused Mr. Wilson's appearance on that date and agreed to provide him with two-

day's advanced notice of his need for Mr. Wilson's testimony.  See United States v. Snyder, 413

F.2d 288-89 (9th Cir. 1969) (noting that an arrangement whereby a witness remained "on call"

even though subpoena stated an exact date served the "convenience" of the witness and/or his

---

[1] Citing United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S. Ct. 3440, 3446, 73 L. Ed. 2d 1193 (1982), Mr. Wilson suggests that this Court must quash Mr. Libby's subpoena unless the defense can show that Mr. Wilson's testimony is "relevant and material, and ... vital to the defense."  (Motion at 3).  That standard, however, applies at the appellate stage only to determine whether a trial court's quashing of a subpoena violated a criminal defendant's Sixth Amendment right to compulsory process.  See Valenzuela-Bernal, 458 U.S. at 867, 102 S. Ct. at 3446 ("[T]his court found a violation of [the Compulsory Process] Clause of the Sixth Amendment when the defendant was arbitrarily deprived of testimony [that] would have been relevant and material . . . and vital to the defense.") (third and fourth alterations in original) (internal quotation marks omitted).  Mr. Wilson thus fallaciously attempts to convince this Court to shift the burden of proof for this Motion.  As discussed in the above text, Mr. Wilson, as the movant, bears the heavy burden of convincing this Court to quash the subpoena in the first instance.

attorney).  Mr. Libby has also suggested that Mr. Wilson provide a calendar of his commitments for the last week in January and first week of February so that his testimony can be scheduled at a convenient time.

Finally, Mr. Wilson's suggestion that Mr. Libby is seeking his testimony simply to advantage Mr. Libby in their pending civil litigation is wholly unfounded.  (Motion at 5).  Long before Mr. Wilson filed his civil suit, the defense informed the court that it may very well need to call Mr. Wilson as a witness. (See February 24, 2006 Tr. at 85).  The absurdity of Mr. Wilson's charge is further underscored by Mr. Libby's having never pressed for discovery in the civil case, though he had a right to do so, but instead filing a motion to dismiss all claims (which remains pending).  Simply put, no evidence supports Mr. Wilson's baseless contention that his trial testimony is sought to advance Mr. Libby's civil defense.

Though Mr. Wilson's motion struggles to suggest otherwise, courts and commentators have recognized that where, as here, the subject of a subpoena has an obvious nexus to the charges in the indictment, the wise course is to leave a subpoena in place.  As Judge Weinfeld explained,

> If questions are objected to, a ruling as to relevancy or materiality can be made within the framework of the charges contained in the indictment and against the background of the evidence in the case.  To issue such a ruling in advance of trial and to hold that the witness'[s] testimony is not material and hence the subpoena should be vacated, would deprive the defendant of his constitutional right to compulsory process under the Sixth Amendment and his right to a fair trial under the due process clause of the Fifth Amendment.

United States v. Seeger, 180 F. Supp 467, 468 (S.D.N.Y. 1960) (footnote omitted); see also 2 C. Wright, Federal Practice and Procedure: Criminal, § 273 at 236-37 & n.13 (3d ed. 1995) (identifying examples where courts have granted motions to quash in certain circumstances, but noting that "the better practice in ordinary cases is to require the witness to appear") (footnotes omitted) (citing Seeger, 180 F. Supp. at 468)).

4

Indeed, to quash the subpoena at this stage would create the risk that Mr. Wilson, who we are informed travels extensively, would not be available if and when his testimony is needed. That, in turn, would either necessitate a delay in proceedings or, worse, deprive Mr. Libby of Mr. Wilson's testimony and thus his right to compulsory process for obtaining witnesses in his defense.

For the foregoing reasons, Mr. Libby requests that the Court leave the subpoena in place so that Mr. Libby can, if needed, call Mr. Wilson as a witness at trial. Mr. Libby further submits that oral argument is not necessary and should not be heard on this matter. As the Court is aware, shortly after filing the motion to quash, Mr. Wilson's counsel appeared on television to comment publicly about the merits of this case, thus putting in jeopardy Mr. Libby's ability to receive a fair trial. See United States v. Libby, Misc. No. 06-560 (D.D.C. Dec. 21, 2006) (order admonishing Mr. Wilson and his counsel against making extrajudicial statements to the press). In light of this prior conduct, the defense sees no need for, and substantial risk in, further airing these issues in a public forum.

## CONCLUSION

For these reasons, the Court should deny Movant's motion to quash.

January 3, 2007                                    Respectfully submitted,

/s/ Theodore V. Wells, Jr.                         /s/ William H. Jeffress, Jr.
Theodore V. Wells, Jr.                             William H. Jeffress, Jr.
(D.C. Bar No. 468934)                              (D.C. Bar No. 041152)
James L. Brochin                                   Alex J. Bourelly
(D.C. Bar No. 455456)                              (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                      Baker Botts LLP
  & Garrison LLP                                   1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                        Washington, DC  20004
New York, NY  10019-6064                           Tel:  (202) 639-7751
Tel:  (212) 373-3089                               Fax: (202) 585-1087
Fax: (212) 373-2217

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939
Fax: (415) 875-5700

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2007, I did cause a true and correct copy of the foregoing "Response to Motion to Quash Subpoena" and draft Order to be served on counsel listed below via facsimile and First Class Mail, postage prepaid:

Melanie Sloan
Anne Weismann
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, NW, Suite 450
Washington, DC 20005
Facsimile: (202) 588-5020

*Counsel for Movant*

Patrick J. Fitzgerald
Special Counsel
Office of the United States Attorney
Northern District of Illinois
Dirksen Federal Building
219 South Dearborn Street
Chicago, IL 60604
Facsimile: (312) 886-0657

Debra R. Bonamici
Office of the Special Counsel
Dirksen Federal Building
219 South Dearborn Street
Chicago, IL 60604
Facsimile: (312) 886-0657

Kathleen Kedian
Deputy Special Counsel
U.S. Department of Justice
1400 New York Avenue, NW, Room 9422
Washington, DC 20005
Facsimile: (202) 514-3003

Peter Robert Zeidenberg
U.S. Department of Justice
1400 New York Avenue, NW, Room 12-405
Washington, DC 20005
Facsimile: (202) 514-3003

*Counsel for the United States*

/s/ Alex J. Bourelly
Alex J. Bourelly
Baker Botts L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 639-7743
Facsimile: (202) 585-4086

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------- )
                                                           )
UNITED STATES                                              )
                                                           )
        v.                                                 )          Misc. No. 06-560 (RBW)
                                                           )
I. LEWIS LIBBY                                             )
                                                           )
---------------------------------------------------------- )

**PROPOSED ORDER**

Currently before the Court is Joseph C. Wilson's Motion to Quash the December 13, 2006 subpoena served upon him by Defendant. After review and consideration of the papers filed by the parties, it is hereby this _____ day of _____, 2007

**ORDERED** that the Motion is DENIED.

**SO ORDERED.**

Dated: _____          _____
                                             Reggie B. Walton
                                             United States District Judge