**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Misc. No. 06-560 (RBW) |
| | ) | |
| | ) | |
| I. LEWIS LIBBY | ) | |

_____)

**JOSEPH C. WILSON IV'S REPLY TO
I. LEWIS LIBBY'S RESPONSE TO WILSON'S
MOTION TO QUASH SUBPOENA**

Former Ambassador Joseph C. Wilson, IV, through undersigned counsel, respectfully

submits this reply to I. Lewis Libby's response to Mr. Wilson's Motion to Quash Subpoena ("Def.

Response").

**ARGUMENT**

Although the indictment in this case does, indeed, mention former Ambassador Joseph C.

Wilson IV and his public criticism of the Bush administration, the charges against Mr. Libby do

not revolve around any of Mr. Wilson's statements.  Rather, as this Court is well aware, it is Mr.

Libby's statements – made in the course of a criminal grand jury proceeding – that are at issue.

Mr. Wilson's testimony would not be relevant or material to the defense because he can shed no

light on Mr. Libby's apparent defense to the pending charges and the defendant has proffered no

evidence to refute this claim.

First, the cases cited by the defendant all involve efforts to quash subpoenas on grounds

other than relevance.  In *Irons v. U.S.*, 74 F.3d 1262, 1264 (D.C. Cir. 1995), a fact witness sought

to quash a civil deposition subpoena on the ground that forcing him to appear for no more than the

$40 per day witness fee – well below the witness's general fee – constituted an undue burden.  The

movant never argued that his testimony was irrelevant.  In fact, the *Irons* court took heed of an illustration in the notes of the 1991 amendment to Rule 45(c)(1), which reads: "Illustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially if the adversary would be required to incur substantial travel burdens." *Id.* (*quoting Fed. Rule Civ. P. 45*, advisory committee's note (1991)(subdivision (c)).

Defendant has also cited *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762 (D.C. Cir. 1965) and  *Freeman v. Seligson*, 405 F.2d 1326 (D.C. Cir. 1968).  *Westinghouse* involved a subpoena *duces tecum* directing the production of documents relevant to the trial of certain treble-damage antitrust litigation, and *Freeman* involved a subpoena *duces tecum* issued by a bankrupt company's trustee for documents under the control of the Secretary of Agriculture to determine whether the bankrupt company had a cause of action for the losses it had suffered on the Commodities Exchange.  In neither case was the relevance of the subpoenaed material disputed. In fact, the *Westinghouse* court noted that under the Rules of Civil Procedure, as long as subpoenaed documents, such as those sought by the trustee, "are relevant to the subject matter of the proceeding for which their production is sought, the subpoena should be enforced on a showing of good cause . . ." 351 F.2d at 1334 (*citation omitted*).  In contrast, in the matter before the Court, Mr. Wilson contends that his testimony would not be relevant in any way to Mr. Libby's defense.

The one criminal case cited by defendant is similarly inapposite.  In *Washington v. Clemmer*, a criminal defendant sought to have a Commissioner subpoena a complaining witness in a rape prosecution to testify at a preliminary hearing, arguing that she would not positively identify him as the aider and abetter of the person who raped her and that, therefore, her testimony was material to his defense.  339 F.2d 725, 726 (D.C. Cir. 1964).  The *Washington* court specifically

refused to decide whether Rule 17(b) limited the accused to witnesses who would testify in his favor, as that averment had already been made. *Id*. at 728.

Second, although Mr. Wilson has the burden of arguing that his testimony would not be relevant or material to the defense, the defendant must provide some "plausible explanation" of the assistance he would receive from a witness to compel his appearance. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 871 (1982). This, defendant has failed to do, offering only the vague assertion that Mr. Wilson "had a relationship with one of the government's key witnesses in the case and was in contact with that witness regarding certain issues key to the indictment during the relevant period," and that Mr. Wilson spoke with a number of journalists. Def. Response at 1-2.

The charges against defendant have little or nothing to do with Mr. Wilson. Merely having spoken with potential government witnesses hardly means that Mr. Wilson is in a position to offer testimony that would demonstrate that Mr. Libby did not, in fact, make false statements to federal agents, perjure himself before the grand jury, or obstruct justice.

Finally, defendant's claim that he is not seeking to use Mr. Wilson's testimony as a substitute for civil discovery is unpersuasive. Defendant refers to the "absurdity" of Mr. Wilson's charge to the contrary, claiming that Mr. Libby has "never pressed for discovery in the civil case, though he had a right to do so, but instead fil[ed] a motion to dismiss all claims (which remains pending)." Def. Response at 4. Indeed, Mr. Libby could have sought discovery in the civil case, but pursuant to the Rules of Civil Procedure, he could not have done so while filing a motion to dismiss. Through the use of this subpoena, however, Mr. Libby seeks to do indirectly what he cannot do directly, gain Mr. Wilson's testimony for advantage in the civil case. In essence, Mr. Libby wants to have his cake and eat it too.

## CONCLUSION

For the foregoing reasons, non-party movant Joseph C. Wilson, IV respectfully requests

that the subpoena issued to him by Defendant be quashed.

Dated: January 9, 2007                          Respectfully submitted,


By: */s/ Melanie Sloan*_____
Melanie Sloan (D.C. Bar No. 434584)
Anne Weismann (D.C. Bar No. 298190)
Citizens for Responsibility
  and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
(202) 408-5565

Erwin Chemerinsky (D.C. Bar No. 289330)
Duke University School of Law
Science Drive and Towerview Road
Durham, NC 27708-0360
(919) 613-7173

*Counsel for Non-party Movant Joseph C. Wilson, IV*